**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | **3:08-CV-0194-M** |
| § | | **ECF** |
| **2000 MERCEDES S430, VIN** § | | |
| **WDBNG70JOYA000670,** *in rem*, § | | |
| Defendant *In Rem*, § | | |
| and § | | |
| § | | |
| **DARREN L. REAGAN and JACQUELINE** § | | |
| **ERVIN,** § | | |
| Claimants. § | | |

## FINDINGS AND RECOMMENDATION

Before the Court for findings and recommendation are Claimant, Darren L. Reagan's ("Claimant's" or "Mr. Reagan's") "Motion for Summary Judgment" ("Claimant's Motion") [doc. 24] and Plaintiff United States of America's ("Plaintiff's") Motion to Strike the Claim of Darren Reagan ("Plaintiff's Motion") [doc 27]. The Court has considered all of the pleadings and the entire record.

Plaintiff filed a complaint for forfeiture against the 2000 Mercedes, VIN WDBNG70JOYA000670 (the "Mercedes"). Claimant filed a letter-answer, claiming an interest in the Mercedes and requesting the appointment of counsel [doc. 7]. This Court denied Claimant's request to appoint counsel. Plaintiff sought entry of default against Claimant. The Clerk entered default, and Plaintiff sought a default judgment of forfeiture. The District Court denied the motion for default judgment and a motion for reconsideration of that motion. Claimant continued to seek and still continues to seek the appointment of counsel.

In support of his claim for summary judgment, Claimant states:

The claimant prays that the summary judgment be granted in full including all legal remedied [sic] allow [sic] by the court pursuant to 18 U.S.C. 983(3)(A), as well as

> other applicable 18 U.S.C. sections as identified in my previous claim notices and court filings. Please see attachments. Claimant have faith in the judicial system and prays this summary judgment be granted saving the court time and other related costs and expenses, as well as protecting the claimant interest.

Claimant's Motion [doc. 24].

Claimant attached forty-three pages of documents to his letter-answer claim and request for appointment of counsel [doc. 7]. Summary judgment is appropriate when the pleadings and the evidence show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 322 (1986). On summary judgment review, the party seeking summary judgment must identify specific evidence in the record and articulate the precise manner in which that evidence supports his claim. The court does not have the duty to sift through the record in search of evidence to support a party's summary judgment. Plaintiff's motion for summary judgment should be denied as legally and procedurally insufficient.

Plaintiff requests that the Court strike the claim of Mr. Reagan because it does not strictly comply with rule G of the Supplemental Rules for Admiralty or Marine Claims and Asset Forfeiture Action ("Supplemental Rules"). (Pl's Mot. at 1-2.) The District Court denied Plaintiff's motion for entry of default judgment and motion for reconsideration of that motion, treating Plaintiff's pro se pleadings liberally. This Court has denied Claimant's repeated requests for appointment of counsel and explained that he is allowed to represent himself. The Court finds that, under the circumstances of this case and at this stage of the proceedings, striking Mr. Reagan's claim for failure to strictly comply with the Supplemental Rules is not warranted. Plaintiff's Motion to Strike should be denied. However, the District Court should permit Claimant to file an Amended Claim stating, under penalty of perjury, what, if any, interest he has in the Mercedes.

**<u>Recommendation</u>**

Claimant's Motion should be denied as frivolous. Plaintiff's Motion should be denied, and Claimant should be permitted to file, within 30 days, an Amended Claim.

So Recommended this 13th day of March, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).