**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | **3:08-CV-0194-M** |
| § | | **ECF** |
| **2000 MERCEDES S430, VIN** § | | |
| **WDBNG70JOYA000670,** *in rem*, § | | |
| Defendant *In Rem*, § | | |
| and § | | |
| § | | |
| **DARREN L. REAGAN and JACQUELINE** § | | |
| **ERVIN,** § | | |
| Claimants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. Plaintiff is the United States of America. Darren L. Reagan ("Mr. Reagan") and Jacqueline Ervin ("Ms. Ervin") were given notice of Plaintiff's Complaint for Forfeiture against the 2000 Mercedes S-430 VIN WBNG70JOYA000670. Before the Court for findings, conclusions, and recommendation is Mr. Reagan's "Joint Request to Grant Motion for Summary Judgment on Behalf of Claimant Jacqueline Ervin and the Notice of Claims She's Filed and/or [His] Request for No Less Than a 90-day Continuance to Seek Legal Counsel to Represent [Him] in these Proceedings" (doc. 34). The Court has considered all of the pleadings and the entire record.

**Background**

Plaintiff filed a complaint for forfeiture against the 2000 Mercedes, VIN WDBNG70JOYA000670 (the "Mercedes"). Mr. Reagan filed a letter-answer, asking that the Court not release "[my] and my wife's" car to Tolleson Bank and requesting the appointment of counsel [doc. 7]. This Court denied Mr. Reagan's request to appoint counsel. Plaintiff sought entry of

default against Mr. Reagan. The Clerk entered default, and Plaintiff sought a default judgment of forfeiture. The District Court denied the motion for default judgment and a motion for reconsideration of that motion. Upon consideration of Defendant's Motion for Summary Judgment (doc 27) and Plaintiff's Motion to Strike the Claim of Darren Reagan, the District Court ordered Reagan to file an Amended Claim stating, under the penalty of perjury, what, if any, interest he has in the Mercedes. Plaintiff's Amended Claim was due no later than May 2, 2009 (doc. 33). Reagan has not complied with the District Court's order to file an Amended Claim. Instead, he filed the motion for summary judgment and motion requesting an extension of 90 days in which to obtain counsel. More than 90 days have expired during which Mr. Reagan has not obtained counsel.

### Analysis

Effective December 1, 2006, Rule G of the Supplemental Rules governs all forfeiture actions *in rem* arising from federal statutes. Supp. Rules Adm./Mar.Claims and Asset Forf. Actions G(1). Rule G(5)(a)(I) lists the procedure for the filing of a claim in an asset forfeiture action *in rem*:

(a) Filing a Claim

(I) A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

(A) identify the specific property claimed;

(B) **identify the claimant and state the claimant's interest in the property**;

(C) **be signed by the claimant under penalty of perjury**; and

(D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)

Supp. Rules Adm./Mar. Claims and Asset Forf. Actions G(5)(a)(i)(emphasis added).

Mr. Reagan filed correspondence on August 1, 2008 which purports to be an answer and notice of claim (doc. 23). He neither states what interest he claims in the Mercedes nor signs under

the penalty of perjury. In the April 8, 2009 Motion, Mr. Reagan claims that if the court will release Ms. Ervin's car to her (the Mercedes), he will "forego-waive his interest of claim." Mr. Reagan claims a "longstanding close association" with Ms. Ervin. Mr. Reagan asks the Court to grant the summary judgment and to "rule favorably on Ms. Ervin's behalf." Mr Regan has cited no grounds that would entitle him to summary judgment. Mr. Reagan is not a licensed attorney and has no standing to represent any interests Ms. Ervin may have in these proceedings. Moreover, Ms. Ervin has never appeared or filed any pleadings in this action. She has never filed a claim in this proceeding. In response to the motion, Plaintiff has asked that the Court reconsider its Motion for Entry of Default Judgment against Ms. Ervin, filed on June 23, 2008. (doc. 36).

## **Recommendation**

The Court recommends that the District Court deny Mr. Reagan's summary judgment motion and motion for a 90-day extension as groundless. The Court further recommends that the District Court dismiss Mr. Reagan's letter/claim against the Mercedes because it does not comply with the Supplemental Rules and because Mr. Reagan has failed to file an amended claim stating under the penalty of perjury what, if any, interest he has in the Mercedes. The Court also recommends that the District Court reconsider Plaintiff's Motion for Default against Ms. Ervin, as urged by Plaintiff in response to the summary judgment motion. The Clerk shall return this case to the docket of the District Court.

SO RECOMMENDED, September 2, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).