IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | 3:08-CV-0194-M |
| § | | ECF |
| 2000 MERCEDES S430, VIN § | | |
| WDBNG70JOYA000670, *in rem*, § | | |
| Defendant *In Rem*, § | | |
| and § | | |
| § | | |
| DARREN L. REAGAN and JACQUELINE § | | |
| ERVIN, § | | |
| Claimants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for pretrial management. Plaintiff is the United States of America. Darren L. Reagan ("Mr. Reagan") and Jacqueline Ervin ("Ms. Ervin") were given notice of Plaintiff's Complaint for Forfeiture against the 2000 Mercedes S-430 VIN WDBNG70JOYA000670 (the "2000 Mercedes"). Before the Court for findings, conclusions, and recommendation is Mr. Reagan's Letter/Motion for Return of Property ("Letter/Motion," doc. 55), filed September 21, 2009. The Government filed a response (doc. 61) on September 30, 2009.

**Background**

Plaintiff filed a Complaint for Forfeiture against the 2000 Mercedes, supported by the Verification Affidavit of P. Kaye Peterson, Special Agent with the Federal Bureau of Investigation (doc. 1). A warrant for arrest of the property *in rem* issued and served (doc. 5). The property was taken into the custody of the United States Marshal pending the Court's final order in this case (*id.*). On November 11, 2007, Ms. Ervin filed with the FBI a Seized Asset Claim Form ("Claim Form"),

claiming under oath that she was the owner of the Mercedes. According to TXDOT records, Ms. Ervin is the registered owner of the Mercedes. On February 8, 2008, Ervin filed a Claim of Ownership to the Mercedes in a case that was pending before the Hon. A. Joe Fish. The Government attached Ervin's Claim of Ownership to its Motion for Reconsideration of Plaintiff's Motion for Entry of Default Judgment of Forfeiture (doc. 20, Ex. A), filed July 1, 2008.

## **Analysis**

On March 3, 2010, this Court held a hearing on the Letter/Motion. Mr. Reagan did not enter an appearance at the hearing. Ms. Ervin appeared in person and the Government was represented by AUSA John J. de la Garza. Ms. Ervin argued at the hearing that she is the legal owner of the 2000 Mercedes by virtue of having presented to Dallas Roadster, in exchange for the Mercedes, Mr. Reagan's $34,527 cashier's check payable to Dallas Roadster and including the notation "Re: Jacky Ervin" on its face. No record evidence refutes the sworn testimony of the FBI Agent that the cashier's check used to purchase the 2000 Mercedes from Dallas Roadster constitutes or was derived from proceeds traceable to a violation of, or a conspiracy to violate, 18 U.S.C. § 1343, a specified unlawful activity under 18 U.S.C. § 1956(c)(7), or a violation or violations of 18 U.S.C. §§ 1956 and/or 1957.

Mr. Reagan's Letter/Motion (doc. 55) should be denied. There has been no adjudication of Plaintiff's claim for forfeiture of the 2000 Mercedes. Further, this Court recently recommended that the District Court dismiss Mr. Reagan's claim to the 2000 Mercedes for noncompliance with the Supplemental Rules and for failure to file an amended claim stating under perjury his interest in the 2000 Mercedes (doc. 51 at 3). Mr. Reagan has not cured these deficiencies.

**<u>Recommendation</u>**

No evidence supports returning the 2000 Mercedes to Mr. Reagan. The Court recommends that the District Court deny Mr. Reagan's Letter/Motion (doc. 55).

SO RECOMMENDED, March 16, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).