## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **3:08-CV-0194-M** |
| | § | **ECF** |
| **2000 MERCEDES S430, VIN** | § | |
| **WDBNG70JOYA000670,** *in rem*, | § | |
| **Defendant** *In Rem*, | § | |
| **and** | § | |
| | § | |
| **DARREN L. REAGAN and JACQUELINE** | § | |
| **ERVIN,** | § | |
| **Claimants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge for pretrial management. Plaintiff is the United States of America. Darren L. Reagan ("Mr. Reagan") and Jacqueline Ervin ("Ms. Ervin") were given notice of Plaintiff's Complaint for Forfeiture against the 2000 Mercedes S-430 VIN WDBNG70JOYA000670. Before the Court for findings, conclusions, and recommendation are Ms. Ervin's Letter/Motion for Return of Property ("Letter/Motion," doc. 52), filed September 8, 2009, and her Motion for Summary Judgment ("Motion," doc. 54), filed September 21, 2009. The Government filed an omnibus response (doc. 61) on September 30, 2009. On March 3, 2010, this Court held a hearing on the Motion and Letter/Motion. Ms. Ervin appeared in person and the Government was represented by AUSA John J. de la Garza. The Court has considered the entire record.

## Statement of Facts

Plaintiff's Complaint for Forfeiture against the 2000 Mercedes, VIN WDBNG70JOYA000670 (the "Mercedes") is supported by the Verification Affidavit of P. Kaye Peterson, Special Agent with the Federal Bureau of Investigation.  (Doc. 1.)  A warrant for arrest of the property *in rem* issued and served.  (Doc. 5.)  The property was taken into the custody of the United States Marshal pending the Court's final order in this case.  (*Id*.)  On November 11, 2007, Ms. Ervin  filed with the FBI a Seized Asset Claim Form ("Claim Form"), claiming under oath that she is the owner of the Mercedes.  According to TXDOT records, Ms. Ervin is the registered owner of the Mercedes.  On February 8, 2008, Ms. Ervin filed a Claim of Ownership to the Mercedes in a case pending before the Hon. A. Joe Fish.  The Government attached Ms. Ervin's Claim of Ownership to its Motion for Reconsideration of Plaintiff's Motion for Entry of Default Judgment of Forfeiture, filed July 1, 2008.  (Doc. 20, Ex. A.)  Accordingly, the Court finds that Ms. Ervin has properly claimed an interest in the 2000 Mercedes.

### The Letter/Motion

Ms. Ervin's Letter/Motion is a request that the District Judge release the Mercedes to Ms. Ervin based upon Ms. Ervin's earlier letter and the Claim Form dated November 11, 2007.  Because the Letter/Motion contains only conclusory allegations and shows no legal entitlement to release of the property, the Letter/Motion should be denied.  Next, the Court will consider Ms. Ervin's Motion for Summary Judgment.

### Standard of Review

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Only disputes about material facts

will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. A party is entitled to summary judgment if, when the evidence is viewed in the light most favorable to the nonmovant, there are no genuine issues of material fact in dispute. To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson,* 477 U.S. at 248.

<u>**Analysis**</u>

The only evidence Ms. Ervin has presented is the sworn Claim Form. Ms. Ervin did not present any sworn testimony or summary judgment type evidence at the hearing on March 3, 2010. Rather, she argued that she is the legal owner of the 2000 Mercedes by virtue of having presented to Dallas Roadster, in exchange for the Mercedes, Mr. Reagan's $34,527 cashier's check payable to Dallas Roadster and including the notation "Re: Jacky Ervin" on its face. Ms. Ervin has not pointed to any absence of evidence to support the Government's case for forfeiture.

Ms. Ervin is claiming the defense of "innocent owner" under 18 U.S.C. § 983(f)(1)(2)(A), and she has the burden of proving the defense by a preponderance of the evidence. *See* 18 U.S.C. § 983(d)(1). This would include proof that Ms. Ervin was a bona fide purchaser for value. *See id.* at § 983(d)(3)(A)(i). Ms. Ervin has pointed to no evidence which shows that she is a bona fide

purchaser for value of the Mercedes.  No record evidence refutes the sworn testimony of the FBI Agent that the cashier's check used to purchase the 2000 Mercedes from Dallas Roadster constitutes or was derived from proceeds traceable to a violation of, or a conspiracy to violate, 18 U.S.C. § 1343, a specified unlawful activity under 18 U.S.C. § 1956(c)(7), or traceable to a violation or violations of 18 U.S.C. §§ 1956 and/or 1957.  Similarly, the record contains no evidence to support Ms. Ervin's claim that the Mercedes should be released under the family financial and transportation hardship provision. Viewing all of the evidence in the light most favorable to the Government, the Court finds that genuine issues of material fact preclude summary judgment.

### Recommendation

The Court recommends that the District Court deny Ms. Ervin's Letter/Motion (doc. 52) and her Motion (doc. 54).

SO RECOMMENDED, March 16, 2010.


_____

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).